*792 OPINION.
Sternhagen:
We find no basis for including in invested capital good will in any amount. There is no evidence that the taxpayer acquired any good will in a legal sense. Neither of these corpora tions acquired any established business or property. The stock was *793 issued for cash (although at considerably less than par) to the men who formed the corporations, and they transferred no other property to the corporations. The only benefit received by the taxpayer bearing any resemblance to good will was Murphy’s services. He had had a long experience and acquaintanceship in selling the articles the taxpayer was engaged in marketing. But he did not have an established business or any assets of a business which were transferred to the taxpayer; he had been employed by others. All this corporation got was his services. Ability, skill, experience, acquaintanceship, or other personal characteristics or qualifications do not constitute good will as an item of property; nor do they exist in such form that they could be the subject of transfer.
It was stated on behalf of the taxpayer that some of the good will came into the corporation when it was formed and some of it came in over a period of several years. The principal stockholder, Murphy, because of his commanding position in this field of business, was permitted to buy shares of stock from time to time at prices ranging from $5 to $90 per share. The difference between the price paid by him and the par value of the shares waá treated as an amount paid for good will. Another way of stating this contention is that when Murphy paid the corporation the $7 per share for the first 170 shares issued to him, upon the formation of the corporation, the corporation acquired only a part of the supposed good will, and the balance of it came to the corporation in small parts, each time a sale of stock was made to him over a period of several years. Before we can adopt such an inference there must be clear evidence of the premises, in fact.
If any good will was created in developing the business of the taxpayer, such good will may not be included in the invested capital. Under section 326 (a) (4), Revenue Act of 1918, any good will included in invested capital must have been already in existence as an asset, and must have been acquired and paid for in stock or shares at its actual cash value (but with the limitations expressed in the Act on the amount thereof in relation to the total outstanding stock).
It appears from taxpayer’s exhibit No. 1 (Commissioner’s letters of April 23, 1923, and February 10, 1925) that some allowance for good will was made in computing invested capital. We do not, however, disturb that finding of the Commissioner because we do not know what evidence may have been before him when it was made.
The taxpayer further claimed the right to special assessment under section 328, but it has not adduced any evidence which would bring it within the provisions of section 327.
Akundell not participating.